UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-583-KK-DTBx** | Date: | July 10, 2024 |
|---|---|---|---|
| Title: | *Maicol Chacon v. Barclays Bank Delaware* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Rachel Maurice for Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction

On March 19, 2024, plaintiff Maicol Chacon ("Plaintiff") filed a Complaint against defendant Barclays Bank Delaware ("Defendant"), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ECF Docket No. ("Dkt.") 1, Compl.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  Complete diversity requires each plaintiff to be of a different citizenship than each defendant.  Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  An individual is a citizen of the state where they are domiciled.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

Here, Plaintiff has not adequately alleged the citizenship of any party. While Plaintiff alleges he "resid[es] in Lake Elsinore, California[,]" Compl. ¶ 8, this allegation is insufficient to establish citizenship for purposes of diversity jurisdiction, see Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). In addition, Plaintiff fails to allege any facts regarding the citizenship of Defendant, a corporation. See Compl. ¶ 11.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response to this Order no later than fourteen days from the date of this Order.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction and/or failure to prosecute and comply with court orders.** See Arbaugh, 546 U.S. at 514; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**